IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BENAVIDEZ, et al.,<br><br>　　　　Defendants. | No. 2:22-CV-0784-TLN-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 14.[1]

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

---

[1] In this filing, Plaintiff also appears to seek injunctive relief. This portion of Plaintiff's filing will be addressed by separate findings and recommendations issued herewith.

1

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In his motion, Plaintiff states that "unusual circumstances" in his case consist of chest pains, difficulty breathing, and various dusts, lint, and bacteria being "disbursed through the California Medical Facility's ventilation system where the windows and cell doors are tightly sealed." ECF No. 14, pg. 1.  Plaintiff contends that he has experienced "deliberate denials" of his requests for an inhaler.  See id.  Plaintiff also states that he has been denied "requested medical accommodation" for a humidifier due to asthma, as well as medical attention for other issues including "chronic anxiety." Id.  Plaintiff also states he has a "permanent medical disability" due to incontinence and post-traumatic stress disorder.  Id.  According to Plaintiff, he is "psychologically incapable" of double-celling or living in any dorm "without killing a homosexual, transgender, bisexual, sodomite, or any other type of male genitalia," which Plaintiff contends violates the tenets of his faith.  Id.

The Court does not find that appointment of counsel is warranted at this time. First, a review of Plaintiff's filings indicates he is capable of articulating his claims on his own despite the alleged medical problems.  Second, Plaintiff's claims of First and Eighth Amendment violations, as outlined in the first amended complaint, do not appear to be either legally or factually complex.  Third, at this stage of the proceedings before Plaintiff's first amended complaint has been served and prior to commencement of discovery, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits of his claims.  Finally, with respect to the various medical problems outlined in Plaintiff's motion, Plaintiff has not provided any documentation to show the existence of any specific medical problem or the

1  limitations such problems might have on his ability to proceed in this case on his own.

2          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the
3  appointment of counsel, ECF No. 14, is denied.

5  Dated: March 1, 2023

                              DENNIS M. COTA
                              UNITED STATES MAGISTRATE JUDGE