IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BENAVIDEZ, et al.,<br><br>    Defendants. | No. 2:22-CV-0784-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief, ECF No. 14.[1]

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

---

[1] In this filing, Plaintiff also appears to seek the appointment of counsel.  This portion of Plaintiff's filing will be addressed by separate order issued herewith.

1

1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In his motion, Plaintiff states that "unusual circumstances" in his case consist of chest pains, difficulty breathing, and various dusts, lint, and bacteria being "disbursed through the California Medical Facility's ventilation system where the windows and cell doors are tightly sealed." ECF No. 14, pg. 1.  Plaintiff contends that he has experienced "deliberate denials" of his requests for an inhaler.  See id.  Plaintiff also states that he has been denied "requested medical accommodation" for a humidifier due to asthma, as well as medical attention for other issues including "chronic anxiety."  Id.  Plaintiff also states he has a "permanent medical disability" due to incontinence and post-traumatic stress disorder.  Id.  According to Plaintiff, he is "psychologically incapable" of double-celling or living in any dorm "without killing a homosexual, transgender, bisexual, sodomite, or any other type of male genitalia," which Plaintiff contends violates the tenets of his faith.  Id.

The Court finds that injunctive relief is not warranted at this time.  First, Plaintiff does not specifically state what he would like this Court to do.  Second, Plaintiff's motion does not indicate action by any individual who is named as a defendant in this action.  As indicated above, the Court cannot issue injunctive relief – even if the relief sought here was clear – against individuals who are not parties.  Third, Plaintiff has not alleged facts which would indicate a likelihood of some form of irreparable injury absent intervention by the Court.  Finally, Plaintiff has not demonstrated either a likelihood of success on the merits of his underlying claims or at

least serious questions going to such claims.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 14, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 1, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE