IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BENAVIDEZ, et al.,<br><br>　　　　Defendants. | No.  2:22-CV-0784-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 39.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In his motion, Plaintiff argues that the appointment of counsel is warranted because he is indigent and unable to afford counsel, he has a severe mental illness, and a trial will involve "confusing concepts and erroneous testimony."  ECF No. 39.  As to Plaintiff's claim of severe mental illness, Plaintiff has not submitted any documentation to support the existence of a mental illness or limitations associated with such an illness.  A review of Plaintiff's filings to date indicates that, despite a claimed mental illness, he is able to articulate himself reasonably well.  Further, at this stage of the proceedings before an answer has been filed, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits of his claims.  Nor can the Court say that the trial of this matter will involve particularly complex issues or "erroneous testimony."

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion for the appointment of counsel, ECF No. 39, is DENIED.

Dated:  November 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE