IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BENAVIDEZ, et al.,<br><br>        Defendants. | No. 2:22-CV-0784-TLN-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action with a pro se complaint. See ECF No. 1. The action currently proceeds on Plaintiff's second amended complaint filed on August 30, 2023. See ECF No. 38. When Plaintiff initiated the action, he filed a motion for leave to proceed in forma pauperis, which the Court granted. See ECF No. 9. The Court also directed partial monthly fee payments. See ECF No. 10. A further review of the docket reflects, however, that Plaintiff is not entitled to proceed in forma pauperis in this action because he has had three or more prior actions dismissed for failure to state a claim or as frivolous and the current action does not involve a claim of imminent danger. The Court will, therefore, vacate the orders granting in forma pauperis status and directing monthly fee payments, and recommend that Plaintiff's application for leave to proceed in forma pauperis be denied.

The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

A review of the Court's records reflects that Plaintiff has been found to have had three or more prior "strikes." See ECF Nos. 28 and 30 in Uhuru v. Eldridge, et al., E. Dist. Cal. case no. 2:19-cv-1119-KJM-KJN-P. Additionally, neither the original complaint nor the operative second amended complaint in the instant action indicate that Plaintiff was under imminent danger of serious physical injury at the time he initiated this action. See ECF Nos. 1 and 38. Specifically, this action involves Plaintiff's allegations of denial of his religious practice rights, which do not suggest that Plaintiff was under imminent danger of serious injury at the time the action was filed.

///
///
///
///
///

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Court's orders granting in forma pauperis status and directing monthly fee payments, ECF Nos. 9 and 10, are VACATED.

2. It is RECOMMENDED that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be DENIED and that Plaintiff be required to pay the $350.00 filing fee for this action, less any amounts already received by the Court as partial monthly payments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE